IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

February 25, 2020

TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
\*\*\*\*\*\*\*\*\*\*\*\*\***

MELVILLE SAMUEL,     )
            )  **CASE NO. ST-18-CV-441**
      **Plaintiff,**  )
   v.       )  **ACTION FOR BREACH OF**
            )  **CONTRACT, CONVERSION &**
**CENTURY HILL, INC., LAURIE CRANDALL,**) **PUNITIVE DAMAGES**
**and CRAIG CRANDALL,**    )
            )
      **Defendants.**   )

**Cite as: 2020 VI Super 30U**

**MEMORANDUM OPINION**

¶1 Pending before the Court are:

1. Motion for Commission to Take the Deposition of Robert Marshall, Esq. and Marshall, Crane & McAloon, P.C., filed on May 9, 2019;
2. Motion to Quash Motion for Commission and Subpoena of Robert Marshall, filed on May 16, 2019;
3. Opposition to Defendants' Motion to Quash Motion for Commission and Subpoena of Robert Marshall, Esq., filed on June 11, 2019;
4. Reply in Support of Motion to Quash Motion for Commission and Subpoena of Robert Marshall, filed on July 17, 2019;
5. Request for Ruling on Motion for Commission, filed on July 17, 2019;
6. *Second* Request for Ruling on Motion for Commission, filed on August 19, 2019;
7. *Third* Request for Ruling on Motion for Commission, filed on November 13, 2019; and
8. *Fourth* Request for Ruling on Motion for Commission, filed on February 5, 2020.

## I. FACTUAL BACKGROUND.

¶2 Plaintiff Melville Samuel is the owner of Parcel No. 15C-8 Estate Rendezvous, St. John, VI (the "Property"). Effective September 15, 1986, Samuel, as landlord, and Century Hill, Inc., as tenant, entered into a forty-year Ground Lease for the Property. As an Assistant Secretary of Century Hill, Laurie Crandall attested to the signature of Maurice Poulin who signed the Ground Lease as President of Century Hill on September 16, 1986.

¶3 In exchange for the leasehold interest it received in the Property, Century Hill was responsible for paying a monthly rent starting at $385.01 and ending at $473.51 during the last five years of the lease term. As additional rent, Century Hill was responsible for payment of real property taxes. Century Hill was also responsible for the care and repair of the Property, as well

as providing for and maintaining public liability insurance and casualty insurance for not less than 100% of the Property's full replacement value. The Ground Lease specified that the required casualty insurance include windstorm coverage.

¶4 According to the Complaint, in 2011, Beverly Poulin and Maurice Poulin, officers of Century Hill, began experiencing cognitive difficulties as well as health issues.[1] The Poulins are the parents of Laurie Crandall. Defendant Craig Crandall is the husband of Laurie Crandall. The Complaint alleges that Laurie[2] took over the financial affairs of Century Hill and the Poulins became non-functioning officers. This allegation is denied in the Defendant's answer. However, in the Motion to Dismiss, Defendants state: "In 2015 his daughter, Defendant Laurie Crandall, took on the role of Manager and assumed the daily management of the Property and the financial responsibilities of Century Hill from Maurice and Beverly Poulin, who became non-functioning officers due to suffering from dementia."[3]

¶5 In September 2017, Hurricanes Irma and Maria struck the Virgin Islands causing catastrophic damage and caused substantial damage to the Property. As of May 13, 2018, the estimated cost to repair the two buildings on the Property is $1,336,730.00[4] which covers labor and materials.

¶6 In a letter dated January 15, 2018[5], which ended with "Sincerely Craig and Laurie", the Landlord was advised that "[Century Hill] is destroyed beyond repair...there is just no money to rebuild. My parents did have liability insurance for guest and tenants but not nearly enough to cover rebuilding." The letter goes on to say: "I am hopeful that we will be out of there and cleaned by the end of the month."

¶7 By letter dated June 5, 2018, Robert Marshall, the Crandalls' lawyer wrote to both Laurie and Craig stating:

> Since I was recently made aware of the fact that Century Hill, Inc. ("Century Hill") received $300,000 of casualty insurance proceeds, I now realize that David and I may have personal liability for unpaid obligations of Century Hill, including any income taxes owed for 2017 and 2018. Our responsibilities with respect to the creditors of the Corporation would not be an immediate concern except for the fact that you have withdrawn $223,000 of the insurance proceeds from Century Hill for your personal use without adequate substantiation.[6]

---

[1] Pl. Complaint ¶ 11 and Defs.' Answer ¶ 11.

[2] To avoid confusion, the Crandalls will be referred to by their first names.

[3] Defs.'s Mot. to Dismiss Craig Crandall.

[4] Pl.'s Complaint Ex B.

[5] Pl.'s Complaint Ex. C.

[6] Pl.'s Complaint Ex. G.

¶8      Samuel filed his Complaint on August 30, 2018, alleging breach of contract and conversion.

## II.      ANALYSIS

### A.  Motion for a Commission.

¶9      Samuel seeks a commission "which would allow Samuel to serve subpoenas on "Attorney Marshall and the Marshall Firm requiring the production of documents critical to Samuel's case."[7] The Subpoena Duces Tecum seeks:

1. Copies of all records related to Century Hill, Inc. including all records showing assets of the corporation and any books and records of the corporation relating to income and expenses.

2. Copies of all communications between Laurie Crandall and/or Century Hill, Inc. and Robert Marshall, Esq.

¶10     Section 4921 of Title 5 of the Virgin Islands Code permits the taking of a deposition outside this territory to obtain testimony or documents or other things in an action pending in this territory before a person commissioned by the Court. Section 4921 is part of the Virgin Islands Uniform Interstate Depositions and Discovery Act.[8]  Samuel has shown that he is entitled to have Attorney Marjorie Whalen appointed as a Commissioner.

### B.  Samuel May Obtain Discovery Regarding Any Nonprivileged Matter That is Relevant to Any Party's Claim or Defense.

¶11     Virgin Islands Rule of Civil Procedure 26(b) provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense, and that the information does not need to be admissible as evidence to be discoverable:

> **(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Information within this scope of discovery need not be admissible in evidence to be discoverable.

¶12     Virgin Islands Rule of Evidence 401 defines relevant evidence as evidence tending to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. "The test for relevance is whether proffered evidence has 'any tendency'

---

[7] Pl.'s Request for Ruling on Mot. for Commission 3.

[8] 5 V.I.C. § 4925B.

to make the existence of any fact that is 'of consequence' to the determination of the action 'more probable or less probable than it would be without the evidence.'"[9] The "any tendency" language makes the standard for Rule 401 relevance very easy to satisfy.[10] "Rule 401 does not require the evidence to be dispositive of a fact in issue: the bar is much lower and simply requires that the evidence makes the existence (or non-existence) of such fact more or less likely.[11]

¶13　Based upon the permissible scope of discovery and 5 V.I.C. section 4921, Samuel is entitled to have Attorney Whalen appointed as a Commissioner to subpoena Marshall and his law firm to produce certain documents in Massachusetts. At a minimum, Samuel may subpoena any non-privileged document from Marshall and his firm that would tend to make any fact of consequence in determining this action, more or less probable. Relevant documents would include corporate records regarding obtaining the insurance coverage required by the Ground Lease, any insurance proceeds paid to cover casualty losses such as hurricane damage and the insurance proceeds used, applied or dissipated. Century Hill, Inc.'s records showing assets of the corporation and any books and records of the corporation relating to income and expenses are relevant to determine whether the Crandalls were ever compensated by Century Hill in the past or whether the Crandalls only sought to be compensated when the insurance proceeds were received. In other words, the Subpoena seeks relevant information.

¶14　It is clear from Marshall's June 5, 2018 letter that Century Hill received $300,000.00 in casualty insurance proceeds and that the Crandalls withdrew $223,000 of the insurance proceeds from Century Hill for their personal use without adequate substantiation. Therefore, Samuel is entitled to the records of Century Hill regarding its obligations under the Ground Lease, and any books and records of the corporation related to income and expenses and non-privileged communications between Laurie Crandall and/or Century Hill, Inc. and Robert Marshall.

¶15　Rather than file a response or opposition, the Defendants filed their Motion to Quash Motion for Commission and Subpoena of Robert Marshall ("Motion to Quash"). In their Motion to Quash, the Defendants argue that "[i]n this case it is clear from the facts that attorney-client privilege attaches to the documents and deposition requested by Plaintiff and that Defendant has not waived this privilege."[12] Defendants further argue that "any documents and communications sought by the Subpoena fall under the attorney-client privilege."[13]

---

[9] *Thomas v. People of the V.I.*, 60 V.I. 183, 196 (V.I. 2013) (citing Fed. R. Evid. 401). While the V.I. Supreme Court cited to Federal Rule of Evidence 401, the Court finds that the analysis provided by *Thomas* is convincing and instructive because Federal Rule of Evidence 401 and Virgin Islands Rule of Evidence 401 have identical text with respect to the definition of relevance.

[10] *Id.*

[11] *Ostalaza v. People of the V.I.*, 58 V.I. 531, 564 (V.I. 2013).

[12] Defs.' Mot. to Quash 3.

[13] Defs.' Mot. to Quash 3.

¶16    The Defendants claim the "Subpoena is improper" because it requests documents and communications generated by Marshall and his law firm in connection with their "representation of the Crandalls and Century Hill and thus are subject to attorney-client privilege, work product doctrine, and/or the lawyers' ethical duty to maintain their client's confidences."[14] The Motion does explain that it was Marshall who sent a copy of his June 5, 2018 letter to Plaintiff's counsel. However, according to the Defendants, "[t]he fact that Attorney Marshall sent a copy of his letter to Plaintiff's counsel does not waive the privilege as it is Defendants, and not the attorney, who are the holders of the privilege."[15] The Defendants conclude their Motion by affirming that they do not waive the privilege.

### 1.  The Attorney-Client Privilege

¶17    Section 852 of Title 5 of the Virgin Islands Code governs attorney-client privilege and the work product doctrine in the Virgin Islands. "In order for the attorney-client privilege to attach to a communication, it must be (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client."[16] In addition,

> [t]he attorney-client privilege ... is personal, belongs solely to the client, and generally cannot be asserted by anyone other than the client. Additionally, the burden of showing the existence of circumstances justifying the recognition of the attorney-client privilege rests with the party asserting the privilege, and "[b]ecause it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed."[17]

¶18    The Defendants argue that because Samuel seeks documents from "active matters with the Crandalls" and because "Marshall and his firm provide the Crandalls and Century Hill with confidential communications for the purpose of providing legal assistance to them," that "any documents and communications" sought by the Subpoena fall under the "attorney-client privilege." According to the Defendants, the Subpoena "requests documents and communications generated or transmitted" by Marshall and his firm in their "representation of the Crandalls and Century Hill and thus are subject to attorney-client privilege." Such a blanket assertion fails to take into consideration exceptions to the attorney-client privilege. Title 5 V.I.C. section 852 provides for 9 exceptions to the privilege. Notably, the following three privileges may apply to the instant case since it appears that Marshall may be an officer or director of Century Hill, in which case, the

---

[14] Defs.' Mot. to Quash 3.

[15] Defs.' Mot. to Quash 3-4.

[16] *Fenster v. Dechabert*, No. SX-16-CV-343, 2017 WL 4969896, at *11 (V.I. Super. Sept. 27, 2017) (citations omitted).

[17] *Fenster v. Dechabert*, No. SX-16-CV-343, 2017 WL 4969896, at *11 (V.I. Super. Sept. 27, 2017) (citing *Browne v. People of the V.I.*, 56 V.I. at 235 n. 21 (citations omitted).

Crandalls may have breached a duty to Century Hill or to Marshall by taking money from the corporation's insurance proceeds:

> (3) Breach of Duty by a Lawyer or Client. As to a communication relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer.[18]
>
> . . . .
>
> (5) Document Attested by a Lawyer. As to a communication relevant to an issue concerning an attested document to which the lawyer is an attesting witness.[19]
>
> . . . .
>
> (8) Physical Evidence; Fee Arrangements, Pre-existing Documents. The privilege does not apply to physical evidence that the client provides to the lawyer; attorney fee arrangements, agreements and payments; and documents pre-existing the attorney-client relationship.[20]

¶19    The Court finds that Defendants' assertion of the attorney-client privilege does not operate as a complete bar to the records and communications sought by Samuel. The list of corporate records that are not subject to the privilege is endless. For example, any document that Century Hill is required by statute to file with a government agency is not protected by the attorney-client privilege. Every corporation organized or formed under the laws of the U. S. Virgin Islands is required to maintain: (1) correct books of account of its business transactions; and (2) a stock ledger in the form prescribed in section 189 of Title 13 of the Virgin Islands Code.[21] Corporate records such as minutes, annual reports, resolutions empowering or authorizing officers, directors, managers and employees to act are not privileged. As a corporation organized under the laws of the Virgin Islands with its principal place of business on St. John[22], Century Hill, Inc. must file annual reports and financial statements with the Office of the Lieutenant Governor.[23] Such required filings are not protected by the attorney work product privilege or the attorney-work product doctrine. Defendants' assertion that the attorney-client communication privilege applies to all records of Century Hill is overly broad. Corporate bylaws are not privileged. If corporate records exist, they are not protected by the attorney-client privilege.

---

[18] 5 V.I.C. § 852(3).

[19] 5 V.I.C. § 852(5).

[20] 5 V.I.C. § 852(8).

[21] Title 13 V.I.C. § 73.

[22] Pl. Compl. ¶ 2 and Defs. Ans. ¶ 2.

[23] Title 13 V.I.C. § 371.

¶20     The Court finds that the Defendants have failed to meet their burden of showing the existence of circumstances justifying the recognition of the strictly construed attorney-client privilege as to *all* information sought by Samuel's Subpoena.

## 2. The Attorney Work Product Doctrine.

¶21     The Defendants also assert the attorney work product doctrine as a bar to produce the information sought by the Subpoena. This doctrine is also codified at Title 5 V.I.C. § 852(e):

> (1) Qualified Immunity. Work product immunity may protect an attorney from disclosing to a third party some of the information the attorney creates or acquires while preparing for litigation. Work product materials may be subject to discovery if the party requesting them proves (i) a substantial need for materials, and (ii) an inability to obtain a substantial equivalent of those materials by another method.

> (2) Absolute Immunity. An attorney possesses absolute immunity from disclosing work products when they divulge the attorney's 'mental impressions, conclusions, opinions, or legal theories' regarding litigation.

¶22     The work product doctrine promotes: "the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation."[24] When materials are prepared "merely in the ordinary and regular course of a party's business, they are outside the scope of work product protection."[25] Because it is an evidentiary privilege the work product doctrine, like that of the attorney-client communication privilege, should be strictly construed."[26]

¶23     Based upon the statute, if Samuel can show that he has a substantial need for the materials and is unable to obtain the substantial equivalent of those materials by another method, then, assertion of the attorney work product doctrine will not operate an absolute bar to production in response to the Subpoena, unless the materials are subject to absolute immunity as an attorney's mental impressions, conclusions, opinions, or legal theories regarding litigation. The two categories of documents sought by the Subpoena do not ask for Marshall's legal impressions, conclusions, opinions, or legal theories regarding litigation. Should Marshall contend that he has responsive documents that do contain legal impressions, conclusions, opinions, or legal theories regarding litigation, then they should be identified as such in a privilege log as required by V.I. R. Civ. P. 26(b)(5)(A).

---

[24] *Joseph v. Pricesmart LLC*, Super. Cr. Civ. No. ST-15-CV-62, 2016 WL 852095, at *5 (V.I. Super. Feb. 29, 2016) (citations omitted).
[25] *Id.*
[26] *Id.*

¶24    After the foregoing Motions were filed, Samuel learned that Marshall is the trustee of two trusts which, between them, hold 100% of the shares of Century Hill. Marshall's role as a trustee of the trusts that own Century Hill[27] and can therefore elect a board of directors that select the officers who run the corporation, underscore that he is a fact witness who possesses relevant information and is therefore subject to be deposed.

## III.    CONCLUSION.

¶25    Based upon the foregoing, Plaintiff's Motion for Commission to Take the Deposition of Robert Marshall, Esq. and Marshall, Craine & McAloon, P.C. will be granted. Defendants' Motion to Quash Motion for Commission and Subpoena of Robert Marshall will be denied. An Order consistent with this Memorandum Opinion follows.

DATED: 2/25/2020

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**DONNA D. DONOVAN**
Court Clerk Supervisor: __12__ / __27__ / __2020__

---

[27] Third Request for Ruling 2.

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
✱✱✱✱✱✱✱✱✱✱✱✱✱✱

MELVILLE SAMUEL,             )

                                  )        **CASE NO. ST-18-CV-441**

               **Plaintiff,**     )

            **v.**                 )        **ACTION FOR BREACH OF**

                                  )        **CONTRACT, CONVERSION &**

**CENTURY HILL, INC., LAURIE CRANDALL,**)    **PUNITIVE DAMAGES**

**and CRAIG CRANDALL,**             )

                                  )

                **Defendants.**      )

## ORDER

**AND NOW**, consistent with this Court' Memorandum Opinion entered on even date, it is hereby

**ORDERED** that Defendants' Motion to Quash Motion for Commission and Subpoena of Robert Marshall is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Commission to Take the Deposition of Robert Marshall, Esq. and Marshall, Crane & McAloon, P.C. is **GRANTED**; and it is further

**ORDERED** that, pursuant to V.I. CODE ANN. tit. 5, § 4921, Marjorie Whalen, Esquire, is **APPOINTED Commissioner** to obtain testimony or documents, by deposition, from Robert Marshall, Esquire, and Marshall, Crane & McAloon, P.C., and to facilitate same by filing the appropriate materials with a court of competent jurisdiction in the Commonwealth of Massachusetts; and it is further

**ORDERED** that, in accordance with V.I. R. Civ. P. 26, if Defendants withhold information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, Defendants must: (i) expressly make the claim; and (ii) in a privilege log describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, that will enable Plaintiff to assess the claim; and it is further

**ORDERED** that Plaintiff's Request for Ruling on Motion for Commission, *Second* Request for Ruling on Motion for Commission, *Third* Request for Ruling on Motion for Commission and *Fourth* Request for Ruling on Motion for Commission are **DENIED as moot**; and it is further

**ORDERED** that a copy of this Order shall be directed to Christopher Allen Kroblin, Esquire (Kellerhals Ferguson Kroblin, PLLC) and Karin A. Bentz, Esquire.

DATED: 2/25/2020

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

TAMARA CHARLES
Clerk of the Court

By:

Donna D. Donovan
Court Clerk Supervisor: 2/27/2020